UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KAI C.,

Plaintiff,[1]

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No.: 26-cv-5233-DEB

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING ORDER**

**[DKT. NO. 3]**

Before the Court is Plaintiff Kai C.'s Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). Dkt. No. 3.

**I. *IN FORMA PAUPERIS* APPLICATION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). Courts may waive prepayment of fees if the plaintiff submits an affidavit, including a statement of all her assets, showing she is unable to pay the filing fee. 28 U.S.C. § 1915(a). The affidavit must "state the facts

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

as to [the] affiant's poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal citations omitted). An affidavit is sufficient if it shows the applicant cannot pay the fee "and still be able to provide [her]self and dependents with the necessities of life." *Wells v. Acosta*, 609 F. App'x 430, 430 (9th Cir. 2015) (internal citations omitted).

Plaintiff's application establishes she is currently unemployed, has no monthly expenses, and retains $5.49 in her checking account. Dkt. No. 3 at 1–2. She has never been employed, and her parents financially support her. *Id.* at 2, 5.

Based on the foregoing, the Court finds Plaintiff has sufficiently shown she cannot pay the filing fee and afford the necessities of life. The Court, therefore, **GRANTS** Plaintiff's IFP Application. *Id.*

## II. SCREENING THE COMPLAINT

Because Plaintiff is proceeding IFP, her complaint requires pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) require the complaint to include the following:

> (A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed.

Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A)–(E); *see also Vaughn J. v. O'Malley*, 24-cv-1124-VET, 2024 WL 3732480, at *2 (S.D. Cal. Aug. 8, 2024) ("[I]n the context of a Social Security action, the Court applies the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) . . . to determine whether the Complaint states a claim for relief." (citations omitted)).

Plaintiff's complaint satisfies the pleading requirements. Dkt. No. 1. It states the action is brought under 42 U.S.C. § 405(g), identifies the Commissioner's final decision as

the Administrative Law Judge's unfavorable decision, provides Plaintiff's name, states she resides in San Diego County, establishes that Plaintiff is claiming benefits on her own wage record, and states she is claiming Supplemental Security Income and Disability Insurance Benefits. Dkt. No. 1 at 1–2, 5. Plaintiff alleges that the Commissioner committed factual and legal errors. *Id.* at 3–4. Finally, there is no indication Plaintiff's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## III. CONCLUSION

Based on the foregoing, the Court finds Plaintiff has sufficiently shown she lacks the financial resources to pay her filing fee. The Court, therefore, **GRANTS** Plaintiff's IFP Application. Dkt. No. 3.

**IT IS SO ORDERED**.

Dated: November 2, 2026

Honorable Daniel E. Butcher
United States Magistrate Judge